## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| FIRST RESPONSE METERING, LLC., | : | Case No. 1:20-cv-329 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| CITY OF WILMINGTON, | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 15)**

This civil case is before the Court on Defendant City of Wilmington's motion to dismiss for failure to state a claim and lack of jurisdiction (Doc. 15), and the parties' responsive memoranda (Docs. 17, 18).[1]

## I. BACKGROUND

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiff; and (2) take all well-pleaded factual allegations as true. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016).

Around December 20, 2018, the City of Wilmington ("Wilmington") contracted with Global Management, LLC d/b/a Fathom ("Fathom") to replace its water metering infrastructure (the "Project"). (Doc. 14 at ¶ 8). Fathom then contracted with Plaintiff

---

[1] The City of Wilmington first filed a motion to dismiss (Doc. 13) in response to First Response's original complaint (Doc. 4). First Response filed an amended complaint in response to the motion to dismiss (Doc. 14), prompting Wilmington to file the instant motion to dismiss the amended complaint (Doc. 15). The filing of an amended complaint generally moots a pending motion to dismiss. *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). Accordingly, Wilmington's first-filed motion to dismiss (Doc. 13) is denied as moot.

First Response Metering ("First Response") to perform various tasks related to the Project. (*Id.* at ¶ 11). First Response performed its work from October 2019 to December 2019. (*Id.* at ¶ 12).

During First Response's work on the Project, First Response learned that Fathom was ending its business, including work on the Project. (*Id.* at ¶ 13). First Response contends that, despite Fathom's business termination, Wilmington encouraged First Response to continue working. (*Id.* at ¶ 14). First Response states that representatives of Wilmington indicated First Response would still be appropriately compensated for its work on the Project. (*Id.* at ¶ 14).

According to First Response, Wilmington has never fully paid Fathom for work performed during the time period First Response was working on the Project. (*Id.* at ¶¶ 15–16). First Response has not been paid for its work on the Project. (*Id.* at ¶ 14).

Pursuant to this Court's diversity jurisdiction, First Response brings one cause of action against Wilmington under Ohio Rev. Code § 1311.25, *et seq.* in order to enforce an asserted lien claim against Wilmington. (*Id.* at ¶ 23). First Response argues that Wilmington approved its work on the Project and that First Response is entitled to collect amounts owed for its work on the Project from Wilmington. (*Id.* at ¶¶ 21–27).

Wilmington moves to dismiss First Response's Amended Complaint, arguing that: (1) First Response fails to state a claim because Ohio Rev. Code § 1311.32 and § 1311.311 mandate exclusive jurisdiction for First Response's cause of action in state court; and/or (2) this Court should abstain from exercising jurisdiction over this case. (Doc. 15). Wilmington's motion to dismiss is ripe for review.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,'…it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere

3

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id.* (citing Fed. Rule Civ. P. 8(a)(2)).

### III. ANALYSIS

Wilmington argues this case should be dismissed because: (1) this Court cannot hear this case because state statute limits the jurisdiction of First Response's claim to state court; and/or (2) this Court should otherwise abstain for hearing the case. The Court will take each argument in turn.

### A. Jurisdiction

Wilmington's first argues First Response's Amended Complaint should be dismissed because this Court cannot exercise jurisdiction over the action.[2] (Doc. 15 at 5). Wilmington contends that, under Ohio Rev. Code § 1311.32 and § 1311.311, First Response is required to pursue its lien claim in a state court of common pleas.

Ohio Rev. Code § 1311.32 provides that a duty to pay claimants, such as First Response, "may be enforced by an action in the court of common pleas or [First Response] may, when the amounts are due, recover through the public in the court of common pleas." *Id*. (emphasis added). If a claimant brings such an action, the claimant's action "shall be brought in the county in which the public property involved is situated." *Id*. Moreover, if the public authority fails to make payments for public improvements, "the principal contractor or subcontractor may file an action in the court

---

[2] The parties do not dispute that subject-matter jurisdiction exists pursuant to this Court's diversity jurisdiction.

4

of common pleas of the county in which the property is located." *Id*. at § 1311.311 (emphasis added).

Wilmington contends these sections divest this Court of its subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity). The Court disagrees.

As the Sixth Circuit explains:

> The jurisdiction of federal courts is defined by Article III of the United States Constitution and by acts of Congress. It is generally true that the jurisdiction of the federal courts "cannot be limited or taken away by state statutes." 17A Wright, et al., Fed. Practice & Procedure § 4211 (3d ed. 2012). Generally, the jurisdiction of a federal court will only be limited by state statute under special circumstances, such as when the federal court sits in diversity pursuant to 28 U.S.C. § 1332. Even in such circumstances, a state cannot defeat federal jurisdiction over a matter by limiting jurisdiction to a specialized state court. *See Marshall v. Marshall*, 547 U.S. 293, 314, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006) (holding that "jurisdiction of the federal courts…'cannot be impaired by subsequent state legislation creating courts of probate' ") (quoting *McClellan v. Carland*, 217 U.S. 268, 281, 30 S.Ct. 501, 54 L.Ed. 762 (1910)). This rule applies even if the cause of action was created by state statute. *Id*. (holding that "'a State cannot create a transitory cause of action and at the same time destroy the right to sue…in any court having jurisdiction'") (quoting *Tennessee Coal, Iron & R.R. Co. v. George*, 233 U.S. 354, 360, 34 S.Ct. 587, 58 L.Ed. 997 (1914)).

*Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 798 (6th Cir. 2012) (emphasis added).

For the purposes of jurisdiction, the crux of Wilmington's argument is that because the state statute outlines First Response's possible rights and remedies, and the state statute requires suits to be brought in a court of common pleas, First Response must bring its action in the appropriate court of common pleas.

5

The first issue with Wilmington's argument is that is fails to read the plain language of the statutes it cites. Both statutes indicate the claimant <u>may</u> bring its action in a court of common pleas. The one clause of mandatory language requires that, *if* a claimant brings an action in a court of common pleas, the claimant then <u>shall</u> bring the action in the county in which the public property involved is situated. Thus, when reading the language of the statute, First Response is not precluded from asserting the action in an appropriate federal court. Moreover, this Court is not convinced that these statutes are even intended to divest the Court of jurisdiction. *See also In re Ohio Execution Protocol Litig.*, 709 F. App'x 779, 785 (6th Cir. 2017) ("Ohio has not attempted (by statute, court decision, or otherwise) to restrict the ability of federal courts to hear certain types of cases."); *State of Ohio ex rel. Star Supply, Div. of Star Indus., Inc. v. City of Greenfield*, Ohio, 528 F. Supp. 955, 956 (S.D. Ohio 1981) (exercising jurisdiction over removal action commenced under Ohio Rev. Code § 1311.32).

However, *even if* the language of the statutes were mandatory, and the statute is seeking to limit federal jurisdiction, Wilmington's reading of the statute is in direct contradiction with Supreme Court and Sixth Circuit precedent recognizing that a state cannot defeat federal diversity jurisdiction by limiting the matter to a certain state court – in this instance, a court of common pleas. *See Marshall*, 547 U.S. at 314; *Williams*, 681 F.3d at 798. *See also Superior Beverage Co. v. Schieffelin & Co.*, 448 F.3d 910, 917 (6th Cir. 2006) (citing *Railway Co. v. Whitton*, 80 U.S. (13 Wall.) 270, 286 (1871)) ("A state statute cannot divest a federal court of diversity jurisdiction." ); *West v. Kentucky Horse Racing Comm'n*, 425 F. Supp. 3d 793, 802 (E.D. Ky. 2019), *aff'd*, 972 F.3d 881 (6th Cir.

6

2020) (quotation omitted) (citing cases) ("A state cannot confer rights upon private parties and require that litigation between those parties must be confined to the courts of the state itself.").

Finally, it bears recognizing that allowing Wilmington to succeed on this argument – that these statutes prohibit this Court from properly exercising its diversity jurisdiction – defeats the purpose of diversity jurisdiction. "In order to provide a neutral forum for what have come to be known as diversity cases, Congress also has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing 28 U.S.C. § 1332). This Court is that neutral forum for First Response.

Accordingly, Wilmington's argument that § 1311.32 and § 1311.311 divest this Court of its diversity jurisdiction is not well-taken.[3]

### B. Abstention

Wilmington also argues that this Court should abstain from exercising jurisdiction over this action, citing various Supreme Court abstention cases, including *Thibodaux*, *Younger*, *Pullman*, and *Colorado River*.

---

[3] Wilmington also seems to suggest that the action must be brought in a court of common pleas in order for sovereign immunity to not apply. This argument is also unavailing. First Response brings this action under § 13111.25, *et seq.* – a cause of action in which Wilmington states sovereign immunity does not apply. And, as Wilmington states in its motion to dismiss, this Court is capable of applying, and on a regular basis does apply, Ohio law. Accordingly, First Response's sovereign immunity argument does not divest this Court of jurisdiction or require the Court to abstain.

Abstention, in general, should only be applied in exceptional circumstances. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). "[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Id*. However, "federal courts may decline to exercise their jurisdiction, in otherwise exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest." *Id*. The various abstention doctrines, as explained by the Supreme Court, provide:

> We have thus held that federal courts have the power to refrain from hearing cases that would interfere with a pending state criminal proceeding, *see Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), or with certain types of state civil proceedings, *see Huffman v. Pursue, Ltd*., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977); cases in which the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law, *see Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); <u>cases raising issues "intimately involved with [the States'] sovereign prerogative," the proper adjudication of which might be impaired by unsettled questions of state law</u>, *see Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 28, 79 S.Ct. 1070, 1072–1073, 3 L.Ed.2d 1058 (1959); *id*., at 31, 79 S.Ct., at 1074 (Stewart, J., concurring); cases whose resolution by a federal court might unnecessarily interfere with a state system for the collection of taxes, *see Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); and cases which are duplicative of a pending state proceeding, *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Pennsylvania v. Williams*, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841 (1935).

*Id.* (emphasis added).

As recognized by Wilmington, *Thibodaux* is most applicable because there is no underlying state proceeding or constitutional question at issue. Thus, under *Thibodaux*, this Court must decide if it should abstain because the case raises issues "intimately involved with [the States'] sovereign prerogative," the proper adjudication of which might be impaired by unsettled questions of state law. *Thibodaux*, 360 U.S. 25, 28.

This is not a case requiring *Thibodaux* abstention. "[*Thibodaux*] abstention has only been used in cases involving uniquely state specific subject matter, such as water rights and eminent domain cases." *Superior Beverage.*, 448 F.3d at 917. And, although Wilmington tries to place this case in the category of water rights because the Project was for water infrastructure, this case is more appropriately categorized as a mechanic's lien dispute. Mechanic's liens are often considered by federal courts. *See e.g., Fid. & Deposit Co. of Maryland v. Ohio Dep't of Transportation*, 806 F. App'x 364, 367 (6th Cir. 2020) (discussing Ohio Rev. Code §§ 1131.26, .28); *Firefighter Sales & Serv. v. Travelers Cas. & Sur. Co. of Am.*, No. 1:14CV2337, 2015 WL 5749627, at *3 (N.D. Ohio Sept. 30, 2015), *aff'd sub nom.*, 671 F. App'x 374 (6th Cir. 2016) (applying Ohio Rev. Code. § 1131.25–.32).

Thus, the Court need not abstain from hearing this case.[4]

---

[4] When discussing why this Court should abstain, Wilmington also argues the various factual nuances it purports are part of this case. Wilmington contends these facts create significant issues of unsettled state law on the validity of First Response's lien and how the statutes apply to this case. First, these purported facts are not part of the Amended Complaint, and cannot be considered for the purposes of this motion to dismiss. Second, the Court's decision today only concerns whether the Court may exercise jurisdiction. It is not address an application of First Response's alleged lien, the lien's validity, nor whether First Response can recover from Wilmington under state law.

## IV. CONCLUSION

Based upon the foregoing, the City of Wilmington's motion to dismiss for failure to state a claim (Doc. 15) is **DENIED**. The first-filed motion to dismiss (Doc. 13) is **DENIED** as moot.

**IT IS SO ORDERED.**

Date: 3/29/2021                                         *s/ Timothy S. Black*
                                                        Timothy S. Black
                                                        United States District Judge